**Eugene HUDRICK**

v.

**AMERICAN EXPORT LINES, INC.**
**ISBRANDTSEN AMERICAN EXPORT LINES, INC.**

v.

**ATLANTIC & GULF STEVE-DORES, INC.**

**Civ. A. No. 36210, No. 507 of 1966.**

United States District Court,
E. D. Pennsylvania.

Jan. 25, 1971.

Gerald Silverman, Fine, Staud, Silverman & Grossman, Philadelphia, Pa., for plaintiff.

John M. Kenney, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

William L. Keller, Marshall, Dennehey & Warner, Philadelphia, Pa., for third-party defendant.

## OPINION

HANNUM, District Judge.

Presently before the court are plaintiff's motions for new trial on the issue of damages and judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 59(a) and 50(b) respectively. Plaintiff is a longshoreman who was injured while performing loading operations aboard defendant's vessel. A jury determined that certain conditions that existed in the hold of the vessel in which plaintiff was working rendered the ship unseaworthy and that this was a proximate cause of the plaintiff's injuries. However, the jury also found that plaintiff was eighty percent (80%) contributorily negligent and the verdict was reduced accordingly.

In support of his motions, plaintiff contends that the evidence presented at trial did not support the jury's finding of contributory negligence but rather involved the legal concept of assumption of risk which is not a defense to liability predicated upon unseaworthiness.

After carefully reviewing the notes of testimony, the court has concluded that there was sufficient evidence, if believed, to support the jury's finding of contributory negligence. The testimony of defendant's expert in the marine industry, Paul J. Keeler, clearly provided a basis for the jury to find that plaintiff had failed to take proper precautions for

his own safety, that plaintiff's method of rolling the patent head drum was improper and dangerous and finally that alternate methods of proceeding were available to plaintiff which would have been much safer under the circumstances that existed at that time.

Counsel involved have ably and skillfully tried this case, and while the court may have reached a different result had it been the finder of fact, it nevertheless remains that the question was one for the jury and there was sufficient evidence, if believed, to provide a basis for their finding of contributory negligence on the part of the plaintiff.

Accordingly, plaintiff's motions will be denied.